In the United States District Court
For The Southern District of Texas
Galveston Division

| | | |
|---|---|---|
| Cascade MVS, LLC | § | |
|     Plaintiff | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| MPCV OCEAN INTREPID, its apparel, | § | Admiralty 9(h) |
| equipment, engines, freights, tackle, | § | |
| etc., *in rem* and EPC Holdings 798, LLC. | § | |
|     Defendants | § | |

**Verified Complaint and Request for Order to Arrest Vessel**

Pursuant to Federal Rule of Civil Procedure 9(h) and Supplemental Admiralty Rule C, Cascade MVS, LLC. files this Verified Complaint seeking damages against EPC Holdings 798, LLC. and damages and enforcement of its maritime lien against the MPCV OCEAN INTREPID (IMO#8641939), *in rem*.

**I. Parties**

1.    Plaintiff is Cascade MVS, LLC ("Cascade"). At all material times, Cascade was and is a corporation with its principal office in Dickinson, Texas.

2.    Defendant EPC Holdings 798, LLC ("EPC") is a corporation organized and existing under the law of Washington. Although EPC does business in Texas, EPC has not appointed an agent for service of process in Texas. EPC's designated agent for service in Washington is EPC Exchange Corporation, 40 Lake Bellevue Drive, Suite 275, Bellevue, Washington 98005. Pursuant to Federal Rule of Civil Procedure 4(h) EPC may be served

by service upon the Office of the Texas Secretary of State by certified mail at Service of Process, Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079.

3.  The MPCV OCEAN INTREPID (IMO#8641939) is a multi-purpose construction vessel which is currently located within the District, and more particularly, at Gulf Copper's dock in the Port of Galveston, Texas, more particularly, 2920 Todd Road Galveston, TX 77554.

## II. Jurisdiction and Venue

4.  This Complaint presents maritime claims within the meaning of Federal Rule of Civil Procedure 9(h) and Supplemental Admiralty Rule C.

5.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1333.

6.  Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. §1391(b)(2) & (b)(3) and Supplemental Admiralty Rule C.

## III. Facts

7.  On or about early October 2012, defendant EPC approached Cascade regarding work to be done on the multi-purpose construction vessel, the OCEAN INTREPID. EPC represented that it wanted to refit the OCEAN INTREPID to be used as a floatel. Cascade was asked to inspect, remove, rebuild, and repair eight Wartsila UPS thrusters.

8.  EPC and Cascade entered into an agreement for the provision of services, repairs, and necessaries to the OCEAN INTREPID. While an initial purchase order was

issued for the services, repairs and necessaries provided, at the request of the vessel's interests, additional work was performed, provided and accepted altogether totaling $1,207,777.27, as reflected in the Accounts Receivable ledger and invoice history attached as Exhibit B.

9.  Cascade duly performed all work required of it under the applicable agreement. EPC, however, has failed to pay all sums due and owing. Although EPC made initial payments totaling $623,424.66, it has failed to pay invoices several months past due. Cascade's requests that EPC bring its past due invoices current have not been answered and EPC is currently $584,352.61 in arrears. Attached as Exhibit C is a true and accurate copy of Cascade's most recent invoice to EPC. The invoice reflects services, repairs, and necessaries provided to the OCEAN INTREPID. The charges shown in Exhibit C were specifically requested, agreed to, and are fair and reasonable for the work performed and the materials and supplies furnished to EPC and the OCEAN INTREPID for which Cascade is entitled to full payment.

10. Cascade, accordingly, has a maritime lien against the OCEAN INTREPID for the full amounts due under the applicable agreement and for all necessaries and services provided to that vessel and seeks an order of arrest of the OCEAN INTREPID including its engines, tackle, equipment, apparel, etc., *in rem*, in accordance with Supplemental Admiralty Rule C.

## IV. Causes of Action

11. **Breach of Contract.** Cascade and EPC entered into an agreement for the provision of services, repairs, and necessaries to the OCEAN INTREPID. Cascade performed its obligations under the agreement. EPC, however, has not performed its contractual obligations by failing to pay for the services, repairs, and necessaries provided and accepted on behalf of the OCEAN INTREPID. EPC's nonperformance is a breach of the parties' agreement. As a result of this breach, EPC owes the invoice totals plus penalties and interest. As of the date of filing, EPC owes Cascade $584,352.61. Since that time, interest and other charges have continued to accrue pursuant to the applicable contract, invoicing terms, and common law.

12. **Quantum Meruit.** Alternatively, Cascade seeks damages from EPC in quantum meruit. Services and goods were provided to the OCEAN INTREPID at the specific request of EPC. As a direct result of Cascade's rendition of those services and goods, a benefit was conferred. EPC and the OCEAN INTREPID will be unjustly enriched in the base amount of at least $584,352.61 if they are allowed to retain the benefit conferred on them without payment for the reasonable value of the services and goods provided. As a result, Cascade has been damaged and is entitled to recover the reasonable value of the services and goods provided to EPC and the OCEAN INTREPID, which. Cascade reasonably expected payment for the services and goods provided because it has provided similar services and goods to others in the industry and has been paid for such.

Such services and goods were not provided gratuitously as reflected in Cascade's invoice attached as Exhibit C.

13. **Maritime Lien.** Pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, Cascade seeks to enforce its claims for the provision of services, repairs, and necessaries to the OCEAN INTREPID as a maritime lien.

14. **Attorney's Fees.** As a result of EPC's breach, and its failure and refusal to pay for the goods and services provided, Cascade has been forced to retain legal counsel and seeks reimbursement for its reasonable attorney fees as provided for in the agreement and pursuant to Cascade's applicable invoicing terms.

## V. Request for Relief

15. For these reasons, Cascade requests the following:

    a. That process in due form of law issue against EPC, citing it to appear and answer under oath, all and singular, the matters alleged in the Verified Complaint;

    b. That, pursuant to Fed. R. Civ. P. Supplemental Admiralty Rule C, this Court issue an order directing the clerk of the court to issue Process of Maritime Arrest pursuant to Fed. R. Civ. P. Supplemental Admiralty Rule C, arresting the OCEAN INTREPID (IMO#8641939), its apparel, equipment, engines, freights, tackle, etc.

c. That the OCEAN INTREPID (IMO#8641939) be condemned and sold free and clear of all liens and encumbrances to pay Cascade's claims, and that all persons claiming any interest in same be cited to appear and, pursuant to the Federal Rules of Civil Procedure, answer the matters alleged in the Verified Complaint;

d. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

e. That the a judgment be entered in favor of Cascade against EPC and the OCEAN INTREPID (IMO#8641939), its apparel, equipment, engines, freights, tackle, etc.. for the amounts due and owing of at least $584,352.61 plus attorney's fees, interest and costs to secure; and

f. That Cascade have such other further and different relief as the Court may deem just and proper.

Respectfully submitted,

**Mills Shirley L.L.P.**
2228 Mechanic St., Suite 400
PO Box 1943 (77553)
Galveston, TX 77550
Phone:  409.763.2341
Fax:      409.763.2879


By:____/s/ Robert  A. Davee_____
      Robert A. Davee, Attorney-in-Charge
Texas Bar No. 05411000
S. D. Tex Bar No. 8578
rdavee@millsshirley.com
      Andres "Andy" Soto
Texas Bar No. 24071128
S.D. Tex Bar No. 1057789
asoto@millsshirley.com

Attorneys for Plaintiff,
Cascade MVS, LLC