IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| CASCADE MVS, LLC | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-13-177 |
| | § | |
| OCEAN INTREPID (IMO 8641939), | § | |
| ET AL. | § | |

## OPINION AND ORDER

Before the Court are the "Motion for Leave to File Third Amended Verified Complaint" of Plaintiff, Cascade MVS, LLC (Cascade), and the "Opposed Motion for Leave to Amend Counter-Claim" of the *in personam* Defendants. Both Motions are almost identically opposed.

Cascade filed this action for, *inter alia*, breach of contract and tortious interference, in an effort to collect money it claims is owed to it from the Defendants for repair work it did on the thrusters of the vessel MPCV OCEAN INTREPID during its conversion into a "floatel." The Defendants have counter-claimed for, *inter alia*, damages allegedly caused by Cascade's shoddy and incompleted work. Cascade now suspects that Stabbert Marine Holdings, LLC, the contractual agent for the conversion project, may share some liability to it with the other Defendants; therefore, it wants to sue Stabbert. The Defendants, likewise, now suspect that three additional companies also controlled by Troy Broussard, the President of Cascade, have siphoned off money from Cascade to render it judgment-proof against their counter-claim; understandably, they want to add them, unveil their corporate complicity and

pave the way for the collection of the judgment they believe they will secure. Putting aside the mutual accusations of factual misrepresentations, abusive discovery tactics, and undue delay, the gravamen of each side's opposition is the argument that any of the proposed claims to be asserted against the additional parties would be futile. Under the circumstances, the Court finds these arguments to be premature.

The Parties have generated almost 400 hundred pages of briefing and exhibits on these two Motions, but their resolution does not require any exhaustive evaluation or lengthy opinion. The Court need only quote the Defendants. Despite their opposition to Cascade's Motion, the Defendants argue that *their* "amendment is *important* because it allows all viable parties related to this dispute to be brought before the Court." (emphasis added) Apparently, the Defendants do not wish to concede that Cascade might feel the same way about its proposed amendment. However, to this Court, it simply seems that this is exactly what both sides are trying to do, and the Court finds it to be the most appropriate way to proceed. Interestingly, perhaps tellingly, neither side is trying to protect *itself* from added exposure, instead, each side is trying to protect one or more non-parties from potential exposure by arguing, in their absence, the futility of the claims intended to be asserted against them. In the opinion of this Court, the better course would be to let the targeted parties defend *themselves* after an adequate opportunity for discovery into the validity, if any, of the claims. If the claims are, in fact, proven to be futile, the Court can dismiss them, with confidence, at that time.

It is, therefore, **ORDERED** that "Plaintiff Cascade MVS, LLC's Motion for Leave to File Third Amended Verified Complaint" (Instrument no. 42) is **GRANTED** and the Clerk is **INSTRUCTED** to file the "Third Amended Verified Complaint," which is attached to the Motion as Exhibit B, among the papers of this cause.

It is further **ORDERED** that the "Opposed Motion for Leave to Amend Counter-Claim" (Instrument no. 50) of Defendants is **GRANTED** and the Clerk is **INSTRUCTED** to file the "First Amended Counter-Claim," which is attached to the Motion as Exhibit A, among the papers of this cause.

**DONE** at Galveston, Texas, this ___27th___ day of June, 2014.

_____
John R. Froeschner
United States Magistrate Judge