In the United States District Court
For The Southern District of Texas
Galveston Division

| | | |
|---|---|---|
| Cascade MVS, LLC | § | |
|    Plaintiff | § | |
| v. | § | Civil Action No. 3:13-cv-00177 |
| | § | |
| MPCV OCEAN INTREPID, its | § | Admiralty 9(h) |
| apparel, equipment, engines, | § | |
| freights, tackle, etc., *in rem*; Stabbert | § | |
| Maritime Holdings, LLC; EPC | § | |
| Holdings 798, LLC; Ocean Intrepid | § | |
| Holdings, LLC; Ocean Sub Sea | § | |
| Services, LLC and Ocean Services, | § | |
| LLC. | § | |
|    Defendants | § | |

## THIRD AMENDED VERIFIED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 9(h) and Supplemental Admiralty Rule C, Cascade MVS, LLC. files this Third Amended Verified Complaint seeking damages against Stabbert Maritime Holdings, LLC; EPC Holdings 798, LLC; Ocean Intrepid Holdings, LLC; Ocean Sub Sea Services, LLC; and Ocean Services, LLC (collectively "Defendants"); and enforcement of its maritime lien against the MPCV OCEAN INTREPID (IMO#8641939), *in rem*.

## I. Parties

1.   Plaintiff is Cascade MVS, LLC ("Cascade"). At all material times, Cascade was and is a corporation with its principal office in Dickinson, Texas.

2.   Defendant Stabbert Maritime Holdings, LLC ("Stabbert Maritime") is a foreign corporation organized and existing under the laws of Washington. Stabbert Maritime conducts business in Texas and has appointed an agent for service of process with the Texas Secretary of State, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136. Service may be had upon Stabbert Maritime, pursuant to Federal Rule of Civil Procedure 4, through a private process server to Stabbert Maritime's Texas registered agent, CT Corporation System.

3.   Defendant EPC Holdings 798, LLC ("EPC") is a corporation organized and existing under the laws of Washington. EPC has appeared and consented to personal jurisdiction in this Court.

4.   Ocean Intrepid Holding, LLC is a corporation organized and existing under the laws of Washington. Although Ocean Intrepid Holding, LLC has done business in Texas and has filed an Amended Verified Claim of Owner and Counter-Claim, it has not appointed an agent for service of

process in Texas; however, Ocean Intrepid Holding has appeared and consented to personal jurisdiction in this Court.

5.     Ocean Sub Sea Services, LLC is a corporation organized and existing under the laws of Texas. Ocean Sub Sea Services, LLC has filed a Counter-Claim and Amended Verified Claim of Owner in this case. Ocean Sub Sea Services, LLC has appeared and consented to personal jurisdiction in this Court.

6.     Ocean Services, LLC is a corporation organized and existing under the laws of Washington. Although Ocean Services, LLC has done business in Texas and has filed an Amended Verified Claim of Owner and Counter-Claim, it has not appointed an agent for service of process in Texas. Ocean Services has appeared and consented to personal jurisdiction in this Court.

7.     The MPCV OCEAN INTREPID (IMO#8641939) is a multi-purpose construction vessel which was located within the District at 2920 Todd Road Galveston, TX 77554 at the time of filing of the Verified and Amended Complaint and Request for Order to Arrest Vessel and has previously answered and appeared in this Action.

## II. Jurisdiction and Venue

8.   This Complaint presents maritime claims within the meaning of Federal Rule of Civil Procedure 9(h) and Supplemental Admiralty Rule C.

9.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1333.

10.  Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. §1391(b)(2) & (b)(3) and Supplemental Admiralty Rule C.

## III. Facts

11.  On or about early October 2012, Defendants or their agents approached Cascade regarding work to be done on the multi-purpose construction vessel, the OCEAN INTREPID. Defendants represented that they wanted to refit the OCEAN INTREPID to be used as a floatel. Cascade was asked to inspect, remove, rebuild, and repair eight Wartsila UPS thrusters and perform associated work, as necessary, based on the results of the anticipated inspection and tear down of that equipment.

12.  Cascade provided an initial estimate, subject to the results of tear down and inspection, which specifically anticipated necessary scope of work changes for the provision of services, repairs, and necessaries to the OCEAN INTREPID which is attached as Exhibit A. An initial one page purchase order was subsequently prepared on behalf of EPC Holdings

798, LLC reflecting, in part, the initial estimate. The subsequent inspection and tear down of the thrusters revealed far more work was required to put them back in service and also repair an eighth thruster damaged in a prior grounding. By oral agreement and upon the knowledge, approval and acceptance of Defendants, Cascade provided and performed, at the request of the OCEAN INTREPID and Defendants, work altogether totaling $1,207,777.27, as reflected in the Accounts Receivable ledger and invoice history attached as Exhibit B.

13.  To complete the work requested, provided and accepted on behalf of OCEAN INTREPID, Cascade sought and ultimately engaged the services of certain subcontractors. More specifically, Cascade subcontracted work to Leroy Acosta, Devin Dufrene d/b/a Propulsion Consultants & Repair, and Marine Thrusters, LLC. With the help of its subcontractors, Cascade duly performed all work required of it, as requested, on behalf of OCEAN INTREPID under the applicable agreement between the parties.

14.  Although Cascade fulfilled its contractual obligations and is entitled to full payment, Defendants and the vessel consistently delayed payments when they were due and ultimately failed to pay all sums which remain due and owing. While Defendants' initial payments totaled $623,424.66, they

failed, however, to timely and ultimately pay other invoices for the work requested, duly performed and accepted for the OCEAN INTREPID. Cascade's requests that Defendants bring these past due invoices current have not been answered and defendants are currently $584,352.61 in arrears.

15.   Moreover, and instead of timely paying Cascade the sums that were due and owing, Defendants and/or their agents interfered with Cascade's subcontractor relationships. While delaying payments due and owing to Cascade—payments which Cascade would normally use to pay its subcontractors—Defendants and/or their agents approached Cascade's subcontractors directly and without Cascade's approval. Defendants' goal, of course, was to negotiate a better deal for itself by bypassing Cascade and paying Cascade's subcontractors at a reduced price and/or otherwise securing necessary work without payment to Cascade. Using such bad faith and predatory tactics, Defendants also continued to try and leverage months of nonpayment to pressure Cascade's subcontractors to cut out Cascade and force Cascade to accept whatever dilatory payments it could get.

16.   In addition, Cascade's subcontractor, Leroy Acosta, brought certain tools and equipment of his trade to the OCEAN INTREPID. Those tools

and equipment included meters and dial test indicators, oil injectors, hydraulic coupling nuts, hydraulic cylinders, hydraulic pumps and rams, wrenches, sockets, and other tools. Those tools disappeared while in the possession and control of Defendants and their agents and have not been returned despite demands for such.

17. Attached as Exhibit C is a true and accurate copy of Cascade's most recent invoice. That invoice reflects services, repairs, and necessaries provided to the OCEAN INTREPID. The charges shown in Exhibit C were specifically requested, agreed to, and are fair and reasonable for the work performed and the materials and supplies furnished to Defendants and the OCEAN INTREPID, for which Cascade is entitled to full payment.

## IIV. Causes of Action

18. **Breach of Contract.** Cascade and Defendants entered into an agreement for the provision of services, repairs, and necessaries to the OCEAN INTREPID. Cascade performed its obligations under the agreement. Defendants, however, have not performed their contractual obligations by delaying and failing to pay for the services, repairs, and necessaries provided and accepted on behalf of the OCEAN INTREPID. Defendants' nonperformance is a breach of the parties' agreement.

260759.500278.001

Furthermore, Defendants breached their agreement with Cascade and their duty of good faith and fair dealing when they sought to bypass Cascade and negotiate a separate payoff and payment to Cascade's subcontractors to secure the completion of all necessary and remaining work by Cascade's subcontractors acting through Defendants directly and without payment to Cascade.

19. As a result of Defendants' breach, Defendants and OCEAN INTREPID owe the invoice totals plus penalties and interest. As of the date of filing, Defendants and the vessel owe Cascade $584,352.61. Since that time, interest and other charges have continued to accrue pursuant to the applicable contract, invoicing terms, and common law.

20. **Tortious Interference**. Cascade entered into valid and enforceable contracts with its subcontractors, Leroy Acosta, Devin Dufrene d/b/a Propulsion Consultants & Repair, and Marine Thrusters, LLC. Defendants and their agents, however, leveraged their payment delays by bypassing Cascade and negotiating payments with Cascade's subcontractors directly and securing completion of necessary remaining work by Cascade's subcontractors acting directly through Defendants. In doing so, Defendants have intentionally and willfully interfered with Cascade's separate contracts with Leroy Acosta, Devin Dufrene d/b/a

Propulsion Consultants & Repair, and Marine Thrusters, LLC. and avoided payments otherwise due Cascade. Such interference has proximately caused Cascade injury and Cascade has suffered actual damage or loss as a result of that improper and unlawful conduct.

21. **Quantum Meruit.** Alternatively and additionally, Cascade seeks damages from Defendants in quantum meruit. Services and goods were provided to the OCEAN INTREPID at the specific request of Defendants and their agents. As a direct result of Cascade's rendition of those services and goods, a benefit was conferred. Defendants and the OCEAN INTREPID will be unjustly enriched in the amount of at least $584,352.61 if they are allowed to retain the benefit conferred on them without payment for the reasonable value of the services and goods provided. As a result, Cascade has been damaged and is entitled to recover the reasonable value of the services and goods provided to Defendants and the OCEAN INTREPID. Cascade reasonably expected payments for the services and goods provided are comparable to cost of similar services and goods in the industry. Such services and goods were not provided gratuitously as reflected in Cascade's invoice attached as Exhibit C.

22.     **Conversion**. Cascade owned, possessed, had an interest in, or had the immediate right to possess certain tools and equipment formerly onboard the OCEAN INTREPID. Those tools and equipment included meters and dail test indicators, oil injectors, hydraulic coupling nuts, hydraulic cylinders, hydraulic pumps and rams, wrenches, sockets, and other tools. Defendants and their agents, or those acting on their behalf, have wrongfully exercised dominion or control of the tools and equipment. Defendants' conversion has caused Cascade injury.

23.     **Maritime Lien.** Pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, Cascade seeks to enforce its claims for the provision of services, repairs, and necessaries to the OCEAN INTREPID as a maritime lien.

24.     **Attorney's Fees.** As a result of Defendants' breach of contract, and their failure and refusal to pay for the goods and services provided, Cascade has been forced to retain legal counsel and seeks reimbursement for its reasonable attorney fees as provided for in the agreement and pursuant to Cascade's applicable invoicing terms.

### IV. Request for Relief

25.  For these reasons, Cascade requests the following:

a. That process in due form of law issue against Defendants, citing them to appear and answer under oath, all and singular, the matters alleged in the Third Amended Verified Complaint;

b. That the OCEAN INTREPID (IMO#8641939) be condemned and sold free and clear of all liens and encumbrances to pay Cascade's claims, and that all persons claiming any interest in same be cited to appear and, pursuant to the Federal Rules of Civil Procedure, answer the matters alleged in the Third Amended Verified Complaint;

c. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

d. That the a judgment be entered in favor of Cascade against Defendants and the OCEAN INTREPID (IMO#8641939), its apparel, equipment, engines, freights, tackle, etc. for the amounts due and owing of at least $584,352.61, in addition to an award of damages to Cascade for Defendants' tortious interference with its subcontractors, as well as its conversion of

260759.500278.001

11

specialized equipment and tools, plus attorney's fees, interest and costs to secure; and

e.  That Cascade have such other further and different relief as the Court may deem just and proper.

Respectfully submitted,

**Mills Shirley L.L.P.**
2228 Mechanic St., Suite 400
PO Box 1943 (77553)
Galveston, TX 77550
Phone:409.763.2341
Fax:    409.763.2879

By:____/s/ Robert  A. Davee_____
Robert A. Davee, Attorney-in-Charge
Texas Bar No. 05411000
S. D. Tex Bar No. 8578
rdavee@millsshirley.com
    Susan L. Price
 Texas Bar No. 24046654
 S. D. Tex Bar No. 592624
sprice@millsshirley.com
    Andres "Andy" Soto
Texas Bar No. 24071128
S.D. Tex Bar No. 1057789
asoto@millsshirley.com
Attorneys for Plaintiff, Cascade MVS, LLC

## CERTIFICATE OF SERVICE

By my signature above, I hereby certify on the 30th day of January, 2014 that service on known Filing Users will be automatically accomplished through the Notice of Electronic Filing.

260759.500278.001

In the United States District Court

For The Southern District of Texas

Galveston Division

| | | |
|---|---|---|
| Cascade MVS, LLC | § | |
|    Plaintiff | § | |
| v. | § | Civil Action No. 3:13-cv-00177 |
| | § | |
| MPCV OCEAN INTREPID, its apparel, | § | Admiralty 9(h) |
| equipment, engines, freights, tackle, | § | |
| etc., *in rem* and Ocean Intrepid d/b/a | § | |
| EPC Holdings 798, LLC. | § | |
|    Defendants | § | |

### VERIFICATION

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury that (i) for purposes of this civil action, I am an authorized representative of Cascade MVS, LLC.; (ii) I have authority to verify this Third Amended Verified Complaint on behalf of Cascade MVS, LLC. that the documents contained in its Exhibits are true and correct copies of the originals.

Cascade MVS, LLC.

Troy Broussard, President and CEO

**Subscribed and sworn to** before me this ___30th___ day of January, 2014 to certify

which witness my hand and seal of office.



TONYA M. BROTHERS
MY COMMISSION EXPIRES
May 2, 2014

Notary Public in and for the State of Texas

# EXHIBIT A



October 12, 2012

Daniel Stabbert
2629 NW 54th St
#W-201
Seattle, WA  98107
Ph. 206-547-6161

Mr. Stabbert,

Thank you for choosing to work with Cascade MVS.  We are please to provide you the with following scope of work for the Intrepid retractable thruster overhaul.

Our staff will arrive on Monday for safety orientation and start of work.  Our plan is to work two twelve-hour shifts, for twenty-four hour coverage, with each shift containing four personnel.  We estimate this work to be completed in 35 days unless there are scope of work changes that arise though the course of tear-down and inspection.  At which time, our site supervisor will notify Stabbert Maritime of additional work required and estimate of cost.  This will be pending approval and purchase order modification.  All work scope modifications must be cover by a purchase order prior to the start such work modification.

Please feel free to contact me directly should you have any questions.

*Troy Broussard*

832-250-4294

1705 Gill Rd  Dickinson, TX  77539  281-482-2727



## Work Scope:  For Upper Gearbox

TA1 – TA2 – TA3 – TA4 – TF1 – TF2 – TF3

1. Assemble all tools, rigging & equipment to remove & disassemble upper gearboxes.
   a. List and Mark all of above
2. Starting with TA3 & TA4
3. Organize with yard for all necessary and needed rigging equipment to upper gearboxes
4. Bring all needed supplied tools to thruster room(s)
5. Build workbench in rooms out of scaffolding
6. Mark all lube & hydraulic connections and remove
7. Seal all open connections & brake system to prevent contamination
8. Drain ½ of lube oil from unit(s) due to still being in the water.  This will prevent water pressure from coming thru seals
9. Remove upper gear box and place on workbench
10. Take distance measurements and remove hydraulic couplings
11. Disassemble unit & inspect
12. Die penetrate test on gears to check for cracks
13. Clean & prep unit for assembly
14. Layout all parts in order
15. Replace all worn components
16. Reassemble upper gearbox
17. Wrap and cover gearbox & place to side
    a. Not reinstalled until lower units are completed
18. Remove Vertical shaft
19. Inspect & die penetrate test spline & check for straightness
20. Check Vertical Guide shafts for straightness
21. Inspect Hydraulic lift cylinders for leaks & repair as needed
22. Stencil all cooling lines before being removed to be sent out for cleaning from the hydraulic and oil Heat Exchanger
    a. **<u>LINES MUST BE PROPERLY MARKED</u>**
23. Remove Heat Exchanger to be sent out for cleaning
24. Inspect Floating Drive Shaft & die penetrate spline & send report



## Lower Unit and Steering Column

Disassembly, Inspection and Repair
1. Put boat on Dry–dock
2. Assemble shipyard personnel (welders, riggers & scaffolding)
3. Plan  for removal  & identify pad eye locations to be welded
4. Weld all necessary pad eyes in place
5. Gather waste oil drums & have positioned on Vessel
6. Drain remaining oil from unit(s)
7. Remove end plate from propeller
8. Mic distance for pull up assembly
9. Remove propeller & send out to be polished
10. Rig Unit up to prepare for removal of lower unit
11. Start unbolting lower unit and prep for removal
12. Remove lower unit & send to work shop for disassembly
13. Inspect unit
14. Remove liner & propeller seals
15. Remove input shaft & propeller shaft from unit
16. Have pinion gear & crown gear die penetrate test for cracks
17. Check shaft for straightness
18. Clean lower unit & prepare for assembly
19. Identify & replace all worn components
20. Layout all new components in order for reassembly
    *Flushing of hydraulics & lube oil system will be done by shipyard
     personnel prior to reinstallation of unit
21. Assemble unit

   Note:  Steering seals have not been Identified as a Split or Single piece seal
   *This will determine if Column and Thrust plate has to be removed as
   mentioned in previous meetings.
   * If a Solid Seal –The steering column will be removed.  Remove the column &
     inspect seal & liner & steering bearings.  (remove and replace all worn
     components)

1705 Gill Rd  Dickinson, TX  77539  281–482–2727



## Cost:

Provide personnel to perform the above scope of work at the Gulf Copper Shipyard in Galveston, TX.  This will include 24/7 coverage for thirty-five days.

**$320,400.00**

**NOTE: Hotel charges will be paid directly by Stabbert Maritime**

**Terms of Payment:**
40% upon issue of purchase order
25% upon completion of week 1
25% upon fifty (50%) completion of site work
10% upon demobilization of site work.

1705 Gill Rd  Dickinson, TX  77539  281-482-2727



Personnel to be working at the site:

**Orientated:**
Leroy Acosta
Buddy Martin

**Needing Orientation:**
Mike Solas
Lonnie Acosta
Gregory Bell
Adelmiro Acosta
Alonzo Acosta
Terry Lee Toups

1705 Gill Rd  Dickinson, TX  77539  281-482-2727

**EXHIBIT B**

Cascade MVS, LLC                                    5/13/2013 4:20 PM

Register: Accounts Receivable
From 10/15/2012 through 05/13/2013
Sorted by: Date, Type, Number/Ref

| Date | Number | Customer | Memo/Description | Qty | Rate | Charge | Paid | Balance |
|------|--------|----------|------------------|-----|------|--------|------|---------|
| 10/15/2012 | 0 | Ocean Services | | | | 80,000.00 | | 80,000.00 |
| 10/18/2012 | | Ocean Services | | | | | 80,000.00 | 0.00 |
| 10/30/2012 | 1 | Ocean Services | | | | 48,160.00 | | 48,160.00 |
| 11/09/2012 | | Ocean Services | | | | | 48,160.00 | 0.00 |
| 11/26/2012 | 2 | Ocean Services | | | | 32,040.00 | | 32,040.00 |
| 11/30/2012 | | Ocean Services | | | | | 32,040.00 | 0.00 |
| 12/14/2012 | 3 | Ocean Services | | | | 210,758.54 | | 210,758.54 |
| 12/28/2012 | | Ocean Services | | | | | 210,758.54 | 0.00 |
| 01/18/2013 | 4 | Ocean Services | | | | 233,473.59 | | 233,473.59 |
| 02/11/2013 | | Ocean Services | | | | | 100,000.00 | 133,473.59 |
| 02/19/2013 | | Ocean Services | | | | | 65,000.00 | 68,473.59 |
| 02/20/2013 | 5 | Ocean Services | | | | 9,733.67 | | 78,207.26 |
| 02/20/2013 | 6 | Ocean Services | | | | 9,258.86 | | 87,466.12 |
| 02/20/2013 | 7 | Ocean Services | | | | 9,013.92 | | 96,480.04 |
| 02/20/2013 | 8 | Ocean Services | | | | 9,950.63 | | 106,430.67 |
| 02/20/2013 | 9 | Ocean Services | | | | 12,456.05 | | 118,886.72 |
| 02/20/2013 | 10 | Ocean Services | | | | 22,426.50 | | 141,313.22 |
| 02/27/2013 | 11 | Ocean Services | | | | 127,035.35 | | 268,348.57 |
| 02/27/2013 | 12 | Ocean Services | | | | 134,765.47 | | 403,114.04 |
| 02/28/2013 | | Ocean Services | | | | | 68,473.59 | 334,640.45 |
| 03/08/2013 | | Ocean Services | | | | | 18,992.53 | 315,647.92 |
| 03/11/2013 | 13 | Ocean Services | | | | 142,428.96 | | 458,076.88 |
| 03/11/2013 | 14 | Ocean Services | | | | 29,139.08 | | 487,215.96 |
| 03/11/2013 | 15 | Ocean Services | | | | 32,465.42 | | 519,681.38 |
| 03/11/2013 | 16 | Ocean Services | | | | 4,502.40 | | 524,183.78 |
| 03/11/2013 | 17 | Ocean Services | | | | 5,504.00 | | 529,687.78 |
| 03/11/2013 | 18 | Ocean Services | | | | 6,414.58 | | 536,102.36 |
| 03/11/2013 | 19 | Ocean Services | | | | 33,897.02 | | 569,999.38 |
| 03/15/2013 | 20 | Ocean Services | | | | 1,700.00 | | 571,699.38 |
| 03/20/2013 | 21 | Ocean Services | | | | 6,435.95 | | 578,135.33 |
| 03/22/2013 | 22 | Ocean Services | | | | 6,217.28 | | 584,352.61 |

**EXHIBIT C**

Cascade MVS, LLC

1705 Gill Rd
TX 77539

# Invoice

| Date | Invoice # |
| --- | --- |
| 5/13/2013 | 23 |

| Bill To |
| --- |
| EPC Holdings 798 LLC c/o Ocean Services,<br>2629 NW 54th St #201<br>Seattle, WA 98107 |

| P.O. No. | Terms | Project |
| --- | --- | --- |
| | Due on receipt | |

| Quantity | Description | Rate | Amount |
| --- | --- | --- | --- |
| | thruster repair on ocean intrepid | 584,352.61 | 584,352.61 |
| | | **Total** | **$584,352.61** |